# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Brunilda Torres<br>13059 Thoroughbred Loop<br>Largo, FL 33773<br><br>    Plaintiff,<br><br>v.<br><br>Encore Receivable Management, Inc.<br>117 Commerce Park Drive<br>Westerville, OH 43082<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT,<br>INVASION OF PRIVACY, AND OTHER<br>EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. On or around October 2007, Defendant telephoned Plaintiff at Plaintiff's place of employment.

10. During this communication, Plaintiff informed Defendant that Plaintiff was not permitted to receive personal telephone calls at work.

11. Despite this notice, Defendant telephoned Plaintiff's place of employment several times throughout October and November 2007.

12. During several of these communications, Plaintiff reiterated that Plaintiff was not permitted to receive personal calls at work, but Defendant continued to call.

13. During several of these communications, Defendant spoke to Plaintiff and threatened to garnish Plaintiff's wages.

14. During several of these communications, Defendant left voice messages on a general voice mail stating that Defendant's communication was not a solicitation and was in reference to a debt Plaintiff owed.

15. Plaintiff's boss inadvertently listened to one of these messages before Plaintiff received the message.

16. At the time of the above communications, Plaintiff had very little privacy at work.

17. As a result of these telephone calls, Plaintiff was extremely embarrassed and suspected that her coworkers knew she was being called repeatedly about a debt, despite her best efforts to keep the communications secret.

18. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

19. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SEVEN

### Violation of the Fair Debt Collections Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT EIGHT

### Violation of the Fair Debt Collections Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT NINE

### Violation of the Fair Debt Collections Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT TEN

### Invasion of Privacy by Intrusion upon Seclusion

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

41. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

42. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

43. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

44. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

45. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

46. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Richard J. Meier*
   Richard J. Meier (0079501)
   Jeffrey S. Hyslip (0079315)
   20 W. Kinzie Street, Suite 1300
   Chicago, IL 60610
   Telephone: 866-339-1156
   rjm@legalhelpers.com
   jsh@legalhelpers.com
   Attorneys for Plaintiff